UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CONNIE M. LOVE | * | CIVIL ACTION |
| versus | * | NO. 07-5970 |
| MOTIVA ENTERPRISES, LLC | * | SECTION "J" |
| | * | MAGISTRATE 4 |

## **ANSWER**

Defendant, Motiva Enterprises LLC ("Motiva"), asserts its answer to the Complaint filed by plaintiff, Connie M. Love ("Love"), as follows:

Answering the allegations of the Complaint, paragraph by paragraph, Motiva states:

I.

With regard to the allegations of paragraph 1 of the Complaint, Motiva admits that venue is proper in this court and that this court has subject matter jurisdiction over Love's claims but denies that such jurisdiction is conferred by 28 USC 1343.

II.

The allegations of paragraph 2 of the Complaint are denied for lack of information sufficient to justify a belief therein.

III.

The allegations of paragraph 3 of the Complaint are admitted.

697978_1

-2-

IV.

With regard to the allegations of paragraph 4 of the Complaint, Motiva admits that it employs Jeanne Sirey at the same Norco refinery where it employed Love. The remaining allegations of paragraph 4 are denied for lack of information sufficient to justify a belief therein.

V.

The allegations of paragraph 5 of the Complaint are denied.

VI.

The allegations of paragraph 6 of the Complaint are denied.

VII.

The allegations of Paragraph 7 of the Complaint are denied.

VIII.

The allegations of Paragraph 8 of the Complaint are denied.

IX.

The allegations of Paragraph 9 of the Complaint are denied.

X.

The allegations of Paragraph 10 of the Complaint are denied.

XI.

The allegations of Paragraph 11 of the Complaint are denied.

XII.

The allegations of Paragraph 12 of the Complaint are denied.

XIII.

The allegations of Paragraph 12A of the Complaint are denied.

XIV.

The allegations of Paragraph 13 of the Complaint are denied.

XV.

The allegations of paragraph 14 of the Complaint are denied.

XVI.

The allegations of Paragraph 15 of the Complaint are denied.

XVII.

The allegations of Paragraph 16 of the Complaint are admitted.

XVIII.

The allegations of paragraph 17 of the Complaint are denied.

XIX.

The allegations of Paragraph 18 of the Complaint are denied.

XX.

The allegations of Paragraph 19 of the Complaint are denied.

XXI.

The allegations of Paragraph 20 of the Complaint are denied.

XXII.

The allegations of Paragraph 21 of the Complaint are denied.

XXIII.

The allegations of paragraph 22 of the Complaint are denied.

XXIV.

The allegations of paragraph 23 of the Complaint are denied.

XXV.

The allegations of paragraph 23A of the Complaint are denied.

XXVI.

The allegations of paragraph 24 of the Complaint are denied.

XXVII.

The allegations of paragraph 25 of the Complaint are denied.

XXVIII.

The allegations of paragraph 26 of the Complaint are denied.

XXIX.

The allegations of paragraph 27 of the Complaint are denied.

XXX.

The allegations of paragraph 28 of the Complaint are denied.

XXXI.

The allegations of paragraph 29 of the Complaint are denied.

XXXII.

The allegations of paragraph 30 of the Complaint are denied.

XXXIII.

The allegations of paragraph 31 of the Complaint are denied.

XXXIV.

With regard to the allegations of paragraph 32 of the Complaint, Motiva states that it, too, seeks a jury trial of all of Love's claims. Motiva further states that there are no grounds in fact or in law for the relief requested by Love.

Now further answering the Complaint, Motiva states its affirmative defenses as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Some or all of Love's claims are prescribed.

## THIRD DEFENSE

Love has not sustained any damages as a result of any illegal conduct on the part of Motiva. Alternatively, Love has failed to mitigate any damages which she may have sustained.

## FOURTH DEFENSE

Love's claims for damages are barred, in whole or in part, because reasonable care was exercised to prevent and correct any discriminatory or harassing conduct and Love unreasonably failed to take advantage of relevant corrective opportunities available to her or to avoid harm otherwise.

## FIFTH DEFENSE

Motiva affirmatively avers that all employment actions which it took toward Love were based on good faith, legitimate, non-discriminatory and non-retaliatory reasons.

## SIXTH DEFENSE

The damages Love seeks are barred to the extent that discovery may uncover after-acquired evidence that, if known to Motiva at the time, would have caused it to take the same actions with respect to her.

## SEVENTH DEFENSE

Any decision, act or omission by Motiva regarding Love would have been the same in the absence of consideration of any impermissible factor, consideration of any impermissible factor being specifically denied.

697978_1

-6-

## EIGHTH DEFENSE

The Complaint impermissibly exceeds the scope of Love's EEOC charge, and all claims not asserted in Love's charge are barred.

## NINTH DEFENSE

Motiva avers that Love has failed to satisfy the statutory/administrative prerequisites for some or all of the claims she has asserted.

## TENTH DEFENSE

Motiva avers that there are no grounds for an award of punitive damages in this matter because it did not act with either malice or reckless disregard of Love's rights and it made good faith efforts to comply with the law.

## ELEVENTH DEFENSE

Motiva cannot be held liable for any acts by its employees that were outside the course and scope of their employment.

## TWELFTH DEFENSE

Love's claims for compensatory and punitive damages are subject to the applicable statutory caps.

## THIRTEENTH DEFENSE

Motiva avers that Love has not sustained any adverse employment action.

## DEMAND FOR JURY TRIAL

Motiva hereby demands a jury trial of all of Love's claims.

-7-

## REQUEST FOR ATTORNEY FEES AND DEFENSE COSTS

Motiva affirmatively avers that it is entitled to an order compelling Love to reimburse it for all attorney fees, court costs and other costs of defense pursuant to 29 U.S.C. § 2000e(5)(k), or as otherwise permitted by law.

WHEREFORE, Motiva prays that all claims asserted by Love be dismissed, with prejudice, at Love's cost. Motiva further prays that Love be ordered to reimburse it for attorney fees and all costs incurred in defending this action.

Respectfully submitted,

          s/Thomas J. McGoey II
Thomas J. McGoey II, T.A. (Bar #18330)
Kindall C. James (Bar #31203)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Fax:  (504) 556-4108

Attorneys for Motiva Enterprises, LLC

-8-

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon the all counsel of record by U.S. mail and/or efiling notice this 11th day of December, 2007.

                                                      s/Thomas J. McGoey II